MONIKA L. SULLIVAN, Esq. (SBN 279870)
BRADLEY J. SELIGA, Esq. (SBN 290935)
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
1230 Columbia Street, Suite 930
San Diego, California 92101
Tel.: (619) 232-5700
Fax: (619) 232-2206
Email: msullivan@ctsclaw.com
bseliga@ctsclaw.com

Attorneys for Plaintiff,
**DK SHOWER PANS, INC.**

**UNITED STATES DISTRICT COURT**

**IN THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| DK SHOWER PANS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SPECIALIZED LINERS, INC. dba WEST COAST HOT MOP, a California corporation; DOES 1 through 10, Inclusive<br><br>Defendants. | CASE NO. 8:17-cv-00931<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. JURISDICTION

1. This Court has subject matter jurisdiction over this action by virtue of the existence of a federal question arising under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1114 *et seq.*, 28 U.S.C. § 1331 on account of the existence of a question arising under the Constitution, law or treaties of the United States, and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.

2. This Court has supplemental jurisdiction per 28 U.S.C. § 1367 over the state law claim, because the alleged state claim is so related to the causes in this action over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.



CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

3. The Court has personal jurisdiction over each of the named defendants because they, and each of them, do business in this judicial district and have used the means and instrumentalities of interstate commerce within this judicial district, and therefore they, and each of them, have purposefully availed themselves of the laws of this judicial district.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to the claims occurred in this District.

## II. PARTIES

5. Plaintiff DK Shower Pans is a California Corporation with its principal place of business in Mission Viejo, California.

6. Defendant Specialized Lines, Inc. dba West Coast Hot Mop ("West Coast") is a California corporation with its principal place of business in Anaheim, California.

7. The full extent of the facts linking the fictitious named Defendants with the foregoing causes of action and/or true names or capacities, whether individual, corporation, partnership, associate, member, or otherwise of defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOE is negligently, wantonly, recklessly, and unlawfully responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged. Plaintiff will hereafter seek leave of Court to amend this Complaint to show said Defendant's true name and capacity after the same have been ascertained.

8. Plaintiff alleges, on information and belief, that each defendant named herein, including those named as DOES, is and at all relevant times mentioned was, the agent, servant, co-conspirator, and/or employee of each of the other Defendants and, in doing the things alleged herein, was acting within the course and scope and with the knowledge of each of the other named Defendants. Plaintiff further alleges on information and belief that each Defendant named herein aided and abetted the others by authorizing and/or ratifying the acts herein alleged.

///

///



CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

## III. FACTUAL ALLEGATIONS

9. Plaintiff is in the business of providing shower pan hot mopping services and has offered such services for at least the past 14 years, and has grown to be the one of the leading hot mop shower pan installers in Southern California and Las Vegas, Nevada.

10. Plaintiff has been using the DK Shower Pans' tradename since at least January 2, 2003, when it filed its Articles of Incorporation with the California Secretary of State.

11. Plaintiff has been using the DK Shower Pans' servicemark in connection with its services in California since at least March, 2003, and in Nevada since at least October, 2004.

12. Plaintiff is in the process of federally registering its servicemark with the United States Patent and Trademark Office (Serial No. 87337001.)

13. In approximately February 2017, Plaintiff learned that Defendant West Coast was using the DK Shower Pans' tradename and servicemark in advertisements placed on Google using Google Adwords.

14. As a result of Defendant West Coast's use of the DK Shower Pans' tradename and servicemark in its Google Adwords, when a potential customer clicks on a certain Google Adword advertisement containing the DK Shower Pans' mark, the potential customer is directed to West Coast's website instead of Plaintiff's website.

15. On or about February 15, 2017, Defendant West Coast was contacted by written correspondence from Plaintiff's counsel and was requested to cease and desist from all current and future use of the DK Shower Pans' tradename and servicemark. No answer to the correspondence was ever received. A true and correct copy of the correspondence is attached hereto and incorporated herein as Exhibit 1.

16. Additionally, Plaintiff sent a request to Google on approximately February 15, 2017, notifying Google of West Coast's improper use of the DK Shower Pans' tradename and servicemark. On February 28, 2017, Google responded and advised that West Coast's ad had been modified to remove the improper use of the DK Shower Pans' tradename and service mark. On approximately March 16, 2017, Plaintiff learned that Defendant West Coast was again using the

///

DK Shower Pans' tradename and servicemark in its Google advertisements and again was directing potential customers of Plaintiff to Defendant West Coast's website.

17. Despite Plaintiff's efforts to curtail Defendant West Coast from using the DK Shower Pans' tradename and servicemark, West Coast intentionally continued to use Plaintiff's tradename and servicemark in advertisements placed on Google through Google Adwords.

18. On March 16, 2017 and again on March 17, 2017, Plaintiff's counsel brought West Coast's renewed violation of Plaintiff's tradename and servicemark in its Google advertisements to the attention of Google. On March 21, 2017, Google removed the DK Shower Pans' tradename and servicemark from West Coast's Google advertisements.

19. Additionally, Plaintiff has received several complaints from disgruntled and confused customers calling to complain because they wrongfully believed that they had hired DK Shower Pans to perform their hot mop services, only to learn that it was West Coast who performed the services. Plaintiff is informed and believes that more than just those customers who contacted Plaintiff were similarly confused and unhappy with the services provided by West Coast. As a result, Plaintiff's reputation within the hot mop industry has been harmed by West Coast's continued use of the DK Shower Pans' tradename and servicemark.

20. Defendant West Coast's use of the DK Shower Pans' tradename and servicemark is entirely without Plaintiff's permission or authority.

21. Upon information and belief, Defendant West Coast continues to use the DK Shower Pans' tradename and servicemark to promote identical and substantially similar services in interstate commerce.

22. Plaintiff has been careful, skillful and diligent in the conduct of its business and has maintained uniform standards of high quality in its services. As a result of these efforts, the DK Shower Pans' tradename and servicemark has acquired public acceptance and is recognized by the public as being associated with high-quality services, thereby creating goodwill, which inures to Plaintiff's benefit.

23. Plaintiff has invested substantial time, effort, and money in advertising and promoting the DK Shower Pans' tradename and servicemark throughout Southern California and



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

Nevada, and as a result, has derived income from and developed significant goodwill in the DK Shower Pans' tradename and servicemark.

24. Plaintiff has used the DK Shower Pans' tradename and servicemark for approximately fourteen years to identify its services and to distinguish them from those hot mop services offered by others by, among other things, prominently displaying the DK Shower Pans' tradename and servicemark on its advertisements, vehicles, website and other materials associated therewith.

25. Upon information and belief, Defendant West Coast has been using the DK Shower Pans' tradename and servicemark since before February 2017 in connection with the sale of its hot mop services.

26. Defendant West Coast's use the DK Shower Pans' tradename and servicemark has diluted the unique quality of the DK Shower Pans' tradename and servicemark among consumers and other professionals within the industry.

27. Plaintiff is informed and believes, and on that basis alleges that Defendant West Coast's act of infringement was willful, and was committed with the intent to cause confusion, mistake, and/or to deceive consumers, and with the purpose of intentionally profiting from the fame and reputation of Plaintiff's DK Shower Pans' tradename and servicemark. In light of Plaintiff's widespread advertising and notoriety, Defendant's actions demonstrate reckless disregard for Plaintiff's prior use and pre-existing rights in its DK Shower Pans' tradename and servicemark.

28. To date, Defendant West Coast has not agreed to cease their infringing use of Plaintiff's tradename and servicemark.

**FIRST CLAIM FOR RELIEF**
**(Use of a False Designation in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

29. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above.

///



CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

30. The DK Shower Pans' tradename and servicemark is distinctive and has become uniquely associated with Plaintiff, and identifies Plaintiff as the source of services bearing the DK Shower Pans' tradename and servicemark.

31. Defendant has caused the offering of services identical and related to those of Plaintiff to enter into interstate commerce in connection with the West Coast designation. Said use of the DK Shower Pans' tradename and servicemark is a false designation of origin, which has actually caused confusion and mistake among consumers, has deceived consumers as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of goods and/or services of Plaintiff, and is likely to cause such confusion, mistake, and/or deception among consumers in the future.

32. The aforementioned acts of Defendant constitute unfair competition and are likely to cause the trade and the public to erroneously believe that Defendant's services originate with and/or are guaranteed by Plaintiff, or otherwise associated with Plaintiff. Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendant has used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and has caused such services to enter into interstate commerce.

33. Such acts have injured and continue to injure Plaintiff's business reputation and dilute or otherwise injure or destroy the distinctive character of the DK Shower Pans' tradename and servicemark and the quality of Plaintiff's reputation associated with its mark, all to Plaintiff's substantial and irreparable harm. As a result, Plaintiff is entitled to injunctive relief from this Court under 15 U.S.C. § 1116.

34. By reason of the acts of Defendant alleged herein, Plaintiff has been damaged and, unless restrained, Defendant has and will continue to confuse and deceive the public, impair the value of Plaintiff's tradename and servicemark and otherwise cause Plaintiff immediate and irreparable harm.

35. By reason of Defendant's actions alleged herein, Plaintiff is likely to suffer irreparable injury to its business, goodwill, and property.

36. Upon information and belief, Defendant has profited from its acts of trademark infringement as alleged herein.

**SECOND CLAIM FOR RELIEF**

**(Use of a Famous Mark in Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1126(c))**

37. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above.

38. The DK Shower Pans' tradename and servicemark is distinctive and has become famous as one of the premier names in the niche market of shower pan hot mop services.

39. Defendant first commenced use of the DK Shower Pans' tradename and servicemark at least since February 2017, but possibly earlier, by which time Plaintiff had used its DK Shower Pans mark in commerce for over 14 years. Defendant's use, therefore, began after Plaintiff's mark became famous.

40. Defendant's use of the DK Shower Pans' tradename and servicemark in connection with the offering of hot mop services identical and related to those of Plaintiff has blurred the distinctiveness and consumer recognition of Plaintiff's mark as a unique identifier in commerce.

41. Defendant's services are not of the same quality as those offered by Plaintiff, which upon information and belief has led to negative comments and reviews regarding services offered under the DK Shower Pans mark.

42. Accordingly, Defendant has diluted the distinctive qualities of Plaintiff's DK Shower Pans' tradename and servicemark in violation of 15 U.S.C. § 1125(c).

43. Upon information and belief, Defendant has profited from their actions of trademark infringement alleged herein.

44. By reason of Defendant's actions alleged herein, Plaintiff is likely to suffer irreparable injury to its business, goodwill and property.

45. Such acts have injured and continue to injure Plaintiff's business reputation and dilute or otherwise injure or destroy the distinctive character of the DK Shower Pans' tradename and servicemark and the quality of Plaintiff's reputation associated with its mark, all to Plaintiff's

///



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

substantial and irreparable harm. As a result, Plaintiff is entitled to injunctive relief from this Court under 15 U.S.C. § 1116.

**THIRD CLAIM FOR RELIEF**

**(Trademark Dilution in Violation of California Common Law)**

46. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 45 above.

47. Plaintiff owns common law rights in the DK Shower Pans' tradename and servicemark that date back to at least January 2, 2003.

48. The acts and conduct of Defendant as alleged constitute trademark infringement under the common law of California.

49. Plaintiff has not consented to Defendant's use of the DK Shower Pans' tradename and servicemark.

50. Defendant has, without consent, used the DK Shower Pans' tradename and servicemark in the marketing, offering for sale, and sale of Defendant's hot mop services.

51. With knowledge that they were using the DK Shower Pans' tradename and servicemark with intent to deceive and cause confusion, Defendant used the reproduction, counterfeit, copy and/or colorable imitation of the DK Shower Pans' tradename and servicemark in connection with the sale, offering for sale, and advertising of hot mop services in a manner likely to cause confusion or mistake as to the source of origin thereof.

52. With knowledge that they were using the DK Shower Pans' tradename and servicemark with the intent to deceive and cause confusion and/or mistake, Defendants, reproduced, counterfeited, copied and/or imitated the DK Shower Pans' tradename and servicemark in advertisements intended to be used in the sale and distribution of hot mop products and services in the State of California.

53. With knowledge that they were using the DK Shower Pans' tradename and servicemark with the intent to deceive and cause confusion and/or mistake, including describing Defendant's products and services for the purpose of enhancing the commercial value of, or

///



CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

selling, or soliciting purchase of such services without prior consent of Plaintiff, Defendant committed unlawful infringement upon a servicemark.

54. Plaintiff is entitled to actual damages and an award restoring Plaintiff any monies or profits Defendant has wrongfully acquired or caused to be lost as a result of its violation as will be established by proof at trial.

55. Defendant (through its Managing Agents) has acted intentionally or despicably with oppression, fraud or malice toward Plaintiff, with the intention of annoying and injuring Plaintiff and damaging Plaintiff's lawful business. Plaintiff, therefore, is entitled to an award of punitive damages for the sake of example and by way of punishing Defendant pursuant to California Civil Code § 3294.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, *et seq*.)**

56. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 55 above.

57. Defendant has infringed Plaintiff's DK Shower Pans' tradename and servicemark as alleged herein and has engaged in conduct with the intent to deceive the public into believing that the goods and services advertised by Defendant were approved by, sponsored by, or affiliated with Plaintiff, and/or to oppress Plaintiff.

58. Plaintiff has been, and continues to be, damaged by Defendant's acts of unfair competition and unfair business practices as described in detail above.

59. Accordingly, Defendant's conduct constitutes unfair competition and unfair business practices under California Business and Professions Code § 17200 *et seq*. as an infringement of Plaintiff's rights. Plaintiff is entitled to injunctive relief ordering Defendant to cease such unlawful business practices and unfair competition pursuant to California Business and Professions Code § 17203.

60. Plaintiff is entitled to an award of restitution restoring any monies or profits that Defendant wrongfully acquired or caused to be lost as a result of its violations pursuant to California Business and Professions Code § 17200 *et seq*.



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

61. Defendant (through its Managing Agents) has acted intentionally or despicably with oppression, fraud and malice toward Plaintiff, with the intention of annoying and injuring Plaintiff and damaging Plaintiff's lawful business. Plaintiff, therefore, is entitled to an award of punitive damages for the sake of example and by way of punishing Defendant pursuant to California Civil Code § 3294.

**DEMAND FOR JURY TRIAL**

62. Plaintiff demands a trial by jury of all claims set forth herein, separate from any claims or parts of claims sounding in equity, which Plaintiff requests be tried by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendant as follows:

A. A permanent injunction prohibiting Defendant from:

1. Using the DK Shower Pans' tradename and servicemark alone or in combination with other words, symbols or designs including in any manner in connection with hot mop services; and

2. From using any representations of fact in connection with its services that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

B. That Plaintiff recover compensatory damages and disgorgement of Defendant's profits from the sale of services where Defendant has used the DK Shower Pans' tradename and servicemark;

C. That Defendant be required to file with the Court and to serve on Plaintiff within thirty (30) days after service of an injunction order as requested herein, a report in writing under oath setting forth in detail the manner and form in which they have complied with the Court's order;

D. That Plaintiff recover treble damages pursuant to 15 U.S.C. § 1117(a);



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

E. That Plaintiff recover punitive damages pursuant to California Civil Code § 3294;

F. That Plaintiff recover prejudgment interest, costs, expenses and reasonable attorney's fees for this suit pursuant to 15 U.S.C. § 1117(a); and

G. For such other and further relief as this Court may deem just and proper.

DATED: May 31, 2017

**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By s/ Monika L. Sullivan

MONIKA L. SULLIVAN
BRADLEY J. SELIGA
Attorneys for Plaintiff, **DK SHOWER PANS**

CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP